No. 42,266

WILLIAM NEAL and FRANCES STEWART, Probation Officer, *Appellees,* v. MARY RUTH (NEAL) GLEASON, *Appellant.*

(365 P. 2d 1111)

Opinion filed November 10, 1961.

*I. F. Bradley, Jr.*, of Kansas City, argued the cause, and was on the briefs for the appellant.

*Martin C. Crawn*, of Kansas City, argued the cause, and *Frank L. Bates*, of Kansas City, was with him on the briefs for the appellee, Stewart.

The opinion of the court was delivered by

JACKSON, J.: This appeal concerns an order made by the district court in a proceeding concerning the custody of a minor child. All of the details of the child's life need not be given.

Dorothy Lee Neal is the child of William Neal and his former wife Mary Ruth (Neal) Gleason. Within a few months after Dorothy Lee's birth, her parents were divorced and her custody was placed in her father, but she seems to have been raised by her father's two sisters, Nellie Stack and Mrs. Hazel Imhoff. After her father's remarriage, he took the child for a short time but on May 23, 1958, the district court entered an order in which it found that both the natural parents were unfit to have the custody and control of the minor child at that time, and the custody of Dorothy Lee was given to Mrs. Frances Stewart, Probation Officer of the juvenile court of Wyandotte county. In making this order, the district court was acting under the provisions of G. S. 1959 Supp., 60-1510. The probation officer placed Dorothy Lee with her aunt, Hazel Imhoff and her husband, Frank Imhoff. On August 31, 1959, Mrs. Stewart filed an application with the district court to obtain the court's consent to an adoption of the child by her aunt and uncle, the Imhoffs.

The natural mother of Dorothy Lee objected to the court giving this consent to adoption and has appealed from the order overruling a motion for new trial filed after the court on January 22, 1960, gave consent to the probation officer to approve the adoption, all as provided for in section 60-1510, G. S. 1959 Supp.

The learned trial judge has kept track of this little girl for some eight or nine years. He knows the parties, and the mother offered no specific evidence of her fitness to have custody of the child. We believe certain comments of the trial court are quite pertinent to the question before this court. They are in part as follows:

"When a girl reaches the age of almost eight, as this girl has I think it is probably a poor time to make the first effort to get acquainted with her mother.

Eight years have gone by. She has been well cared for. All you have to do is to look at her to see that.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"My primary interest is not the mother or the father of this child. It is true that they had this child, but in my opinion by their conduct both of them forfeited their natural rights. There may have been some extenuating circumstances for the mother. But I think, after having seen this young lady up before me repeatedly we have reached a point where we can no longer experiment with her life and her future because of the pleas of her mother and father, who I think had an adequate opportunity and did not take advantage of it.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"You are asking me to tear this girl away from a home she is established in and to give her to someone who, as far as she is concerned, is almost a stranger.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"I am convinced both of these parents had ample opportunity through the years. In the early stages of this fight, it was the aunts who fought the father. As I say, maybe that wasn't the mother's fault. Nevertheless, she wasn't here. The only home this girl has had has been given by the Imhoffs. I am not consenting to any adoptions here today. All I do is give her guardian the right to consent if she feels it proper. But I will be frank, I have not heard anything here that is sufficient in my opinion to override the testimony and evidence which I have received during the last year that these people have given this girl a very good home."

In view of the above, the order of the trial court is affirmed.